**IN THE UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF FLORIDA**

**MIAMI DIVISION**

**CASE NO.:**

**WADE JANION,**

**Plaintiff,**

**v.**

**ROYAL CARIBBEAN CRUISES, LTD.,
A Liberian Corporation,**

**Defendant.**
_______________________________________/

## COMPLAINT FOR DAMAGES

Plaintiff, **WADE JANION** (hereinafter "Plaintiff"), through undersigned counsel, files suit against Defendant, **ROYAL CARIBBEAN CRUISES, LTD. ("Royal Caribbean")** (hereinafter "Defendant"), alleging upon information and belief as follows:

## GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

1. This is an action for damages in excess of the jurisdictional limits of this Court, exclusive of costs and interest. Plaintiff is seeking damages in excess of seventy five thousand dollars ($75,000.00), exclusive of interest, costs and attorney's fees. This Court has admiralty jurisdiction pursuant to 28 USC § 1333.

2. At all times material hereto, Plaintiff was and is a citizen of and resides in South Africa.

3. At all times material hereto, Defendant was and is a for-profit, foreign corporation, which is based in and/or with agents in Miami, Florida, and is authorized to

conduct and is conducting business in the State of Florida. Defendant has consented to jurisdiction and venue in this Court. Defendant requires in the contract of carriage that all cases filed by passengers be filed in this jurisdiction.

4. At all times material hereto, Defendant transported fare-paying passengers on cruises aboard the vessel M/S ALLURE OF THE SEAS and other vessels.

5. At all times material hereto, Defendant owned, operated, managed and/or controlled the M/S ALLURE OF THE SEAS.

6. At all material times hereto, Plaintiff was a fare paying passenger aboard the M/S ALLURE OF THE SEAS for the purpose of enjoying a vacation cruise.

7. At all material times hereto, Defendant owed a duty to Plaintiff of using reasonable care under the circumstances in maintaining the premises of the M/S ALLURE OF THE SEAS in a reasonably safe condition and operating the vessel in a reasonably safe manner.

8. On or about December 24, 2015, Plaintiff participated in the Flow Rider simulated surf board activity. Defendant provided no instructions to the Plaintiff. Defendant provided no warnings to the Plaintiff. On Plaintiff's second attempt to stand on the board, the "instructor" told Plaintiff to stand forward on the board and then the "instructor" quickly released Plaintiff's hand. The board was immediately washed out from under Plaintiff causing him to fall and land on his right shoulder. Plaintiff heard a snap and felt excruciating pain. X-rays confirmed that Plaintiff suffered a broken collar

bone. Subsequent MRI imaging showed that Plaintiff suffered a torn rotator cuff which required surgery. Plaintiff underwent many months attempting to recover from his injuries and surgery. Due to Plaintiff's use of pain medication prescribed by his doctors, Plaintiff developed an addiction to pain medications which he struggles with today.

9. The accident occurred due to the unsafe design of the Flow Rider, the lack of adequate instruction and supervision, Defendant's negligent failure to correct the dangerous conditions and/or warn Plaintiff of the aforementioned conditions and Defendant's failure to warn of the dangers presented by the Flow Rider.

10. Defendant knew or should have known of the dangerous and unsafe conditions alleged above, and failed to take reasonable steps to correct the hazards or warn Plaintiff of the hazards.

11. As a direct and proximate result of Defendant's negligence, Plaintiff sustained injuries to his body and mind.

12. All pre-conditions to this action have been met or waived.

## COUNT I
## NEGLIGENCE

13. Plaintiff adopts and re-alleges paragraphs 1 through 12 above as fully set forth herein, and further alleges:

14. On or about December 24, 2105, and continuing thereafter, Defendant breached the duty owed to Plaintiff by committing one or more of the following acts

and/or was negligent in the operation, maintenance or control of the M/S ALLURE OF THE SEAS in the following respects:

a. Failing to exercise reasonable care for the safety of its passengers, and creating a dangerous condition in and around the Flow Rider;

b. Failing to provide a reasonable activity for passengers, reasonably designed for the safety of its passengers;

c. Failing to adequately train its employees;

d. Failing to adequately supervise its employees;

e. Hiring inexperienced or non-experienced personnel responsible for the safety of the passengers engaging in the Flow Rider;

f. Failing to provide an adequate number of supervisory personnel aboard the vessel;

g. Failing to warn passengers, whom Defendant knew or should have known would be using the Flow Rider, of the dangerous conditions which existed when passengers participated in this activity on the ship, by virtue of conspicuous signs, literature and/or videos;

h. Failing to provide reasonable instructions to Plaintiff regarding the use of the Flow Rider;

i. Failing to require participants to first use a body board (commonly called a boogie board) where the participants lie on the board and become familiar with its movement in the stimulated surf before attempting to surf on a stand-up board.

j. Failing to investigate similar incidents on its vessels;

k. Allowing a dangerous condition to exist notwithstanding prior incidents involving similar accidents aboard the M/S ALLURE OF THE SEAS and other vessels in its fleet of cruise ships;

l. Failing to adequately investigate prior and subsequent incidents involving Flow Riders on the M/S ALLURE OF THE SEAS and other vessels in its fleet of cruise ships;

m. Failing to post adequate warnings to passengers of the dangerous and unsafe condition in and about the Flow Rider activity of the M/S ALLURE OF THE SEAS and other vessels in its fleet of cruise ships;

n. Designing, manufacturing, installing, creating and/or maintaining an unsafe Flow Rider system;

o. Failing to properly instruct Plaintiff regarding procedures which would minimize the risk of serious injury;

p. Ignoring the recommended warnings and instructions of the original designer and manufacturer of the Flow Rider; and

q. Other acts of fault and negligence which will be proven at the trial of this matter.

15. Defendant's negligence, as described above, caused the injuries Plaintiff complains of in this lawsuit.

16. The conduct of Defendant, as described above, directly and proximately caused the injuries and damages to Plaintiff, as follows:

a. Plaintiff has suffered and will continue to suffer bodily injury, physical pain and suffering, mental anguish, disability, disfigurement, physical impairment, inconvenience, loss of capacity for the enjoyment of life, lost wages, and diminishment of earning capacity;

b. Plaintiff has incurred medical, hospital, nursing, therapy and pharmaceutical expenses and will continue to incur such expenses as long as his condition continues; and

c. Plaintiff has suffered an aggravation of a pre-existing condition.

17. Defendant is at fault for causing Plaintiff's injuries and is liable to him for the above described damages which are continuing and/or permanent in nature.

18 Plaintiff lost the value of the cruise, as well as attendant travel and airfare expenses and related costs.

19. All conditions precedent to bringing this action have been satisfied.

**WHEREFORE**, Plaintiff alleges negligence of Defendant and prays that judgment be entered in Plaintiff's favor and against Defendant, for damages, costs, interest, pre-

judgment interest, punitive damages, punitive damages and for all such other relief to which Plaintiff may be entitled by virtue of these proceedings, including trial by jury.

**COUNT II**
**STRICT PRODUCTS LIABILITY FOR THE NEGLIGENT DESIGN, INSTALLATION, AND UTILIZATION OF THE FLOW RIDER**

20. Plaintiff adopts and re-alleges paragraphs 1 through 12 above as fully set forth herein, and further alleges:

21. At all times material hereto Defendant owed a duty to its passengers, and in particular to Plaintiff, to maintain and operate its vessel, the M/S ALLURE OF THE SEAS, in a reasonable manner under the circumstances.

22. At all times material hereto, Defendant was a manufacturer, designer, distributor, and/or was otherwise within the chain of distribution of the Flow Rider product, having put the Flow Rider on which the Plaintiff was injured into the channels of trade.

23. At all times material hereto, Defendant manufactured, designed, installed and/or utilized the Flow Rider on the M/S ALLURE OF THE SEAS, and as such owed a duty to its passengers, and in particular to the Plaintiff, to design the Flow Rider without any defects.

24. At all times material hereto, Defendant, through its agents and/or employees who were acting in the course and scope of their employment and/or agency with the Defendant, designed, installed, and utilized the Flow Rider. The design of the Flow Rider,

is/was an unreasonably and inherently dangerous design and presented a foreseeable risk of serious injury to passengers, thus constituting a breach of Defendant's duty of care to the Plaintiff.

25. At all times material hereto, Defendant knew or had reason to know that the Flow Rider was unreasonably dangerous. Defendant knew or had reason to know that the Flow Rider was unreasonably and inherently dangerous because prior incidents, like the one described herein, have occurred on their vessels.

26. Defendant had a duty to warn passenger, who were unaware of the dangers involved in the Flow Rider activity, that the attraction was likely to be dangerous.

27. The design flaw and lack of warning which made the FlowRider onboard the M/S ALLURE OF THE SEAS inherently and unreasonably dangerous was the direct and proximate cause of the Plaintiff's injuries.

28. The conduct of Defendant, as described above, directly and proximately caused the injuries and damages to Plaintiff, as follows:

a. Plaintiff has suffered and will continue to suffer bodily injury, physical pain and suffering, mental anguish, disability, disfigurement, physical impairment, inconvenience, loss of capacity for the enjoyment of life, lost wages, and diminishment of earning capacity;

b. Plaintiff has incurred medical, hospital, nursing, therapy and pharmaceutical expenses and will continue to incur such expenses as long as his condition continues; and

c. Plaintiff has suffered an aggravation of a pre-existing condition.

29. Defendant is at fault for causing Plaintiff's injuries and is liable to him for the above described damages which are continuing and/or permanent in nature.

30. Plaintiff lost the value of the cruise, as well as attendant travel and airfare expenses and related costs.

31. All conditions precedent to bringing this action have been satisfied.

**WHEREFORE**, Plaintiff alleges negligence of Defendant and prays that judgment be entered in Plaintiff's favor and against Defendant, for damages, costs, interest, pre-judgment interest, punitive damages and for all such other relief to which Plaintiff may be entitled by virtue of these proceedings.

## COUNT III
## WANTON AND WILLFUL MISCONDUCT, GROSS NEGLIGENCE AND RECKLESS AND/OR CALLOUS DISREGARD FOR THE RIGHTS OF PASSENGERS

32. Plaintiff adopts and re-alleges paragraphs 1 through 12 above and paragraph 15 (a) through (q) above as fully set forth herein, and further alleges:

33. On or about December 24th, 2015, and continuing thereafter, Defendant breached the duty owed to Plaintiff by exhibiting wanton and wilful misconduct and/or gross negligence and/or reckless and/or callous disregard of the rights of Plaintiff.

34. Defendant's Flow Rider is an inherently dangerous device which simulates surfing on water. But, unlike surfing in an ocean, the Flow Rider uses a thin stream of water over a hard surface which lacks natural cushioning that could protect participants

when they invariably fall. Each year, many hundreds of participants are seriously and permanently injured when they attempt to ride the Flow Rider on Defendant's cruise ships. Defendant's Flow Rider has caused catastrophic physical injuries, including paralysis and death, to passengers on Defendant's fleet of cruise ships. Defendant knows with certainty that the Flow Rider presents an unreasonable danger to the public, yet it markets the Flow rider without taking reasonable steps to eliminate or substantially reduce the likelihood of injury to its guests. Defendant refuses to follow the instructions and warnings provided to Defendant by the original manufacturer of the device. Defendant refuses to use the specific warnings drafted by the manufacturer to convey the serious and/or deadly consequences of attempting to ride the Flow Rider. Defendant does not utilize these warnings because the passengers would not attempt to ride on the dangerous and/or deadly device if they were fully and transparently warned of the dangers. Defendant does not require the participant to watch a safety video which is designed and intended to minimize the risk of serious injury and/or deadly consequences. Defendant profits greatly as a result of its operation of the Flow Rider.

35. Defendant's negligence and its wanton and willful misconduct and/or gross negligence and/or reckless and/or callous disregard of the rights of Plaintiff, as described above, directly and proximately caused the injuries and damages to Plaintiff, as follows:

a. Plaintiff has suffered and will continue to suffer bodily injury, physical pain and suffering, mental anguish, disability, disfigurement, physical impairment,

inconvenience, loss of capacity for the enjoyment of life, lost wages, and diminishment of earning capacity;

b. Plaintiff has incurred medical, hospital, nursing, therapy and pharmaceutical expenses and will continue to incur such expenses as long as his condition continues; and

c. Plaintiff has suffered an aggravation of a pre-existing condition.

36. Defendant is at fault for causing Plaintiff's injuries and is liable to him for the above described damages which are continuing and/or permanent in nature.

37 Plaintiff lost the value of the cruise, as well as attendant travel and airfare expenses and related costs.

38. All conditions precedent to bringing this action have been satisfied.

**WHEREFORE**, Plaintiff alleges negligence of Defendant and prays that judgment be entered in Plaintiff's favor and against Defendant, for damages, costs, interest, pre-judgment interest, punitive damages, punitive damages and for all such other relief to which Plaintiff may be entitled by virtue of these proceedings, including trial by jury.

Dated: March 27, 2017

Miami, Florida

Respectfully submitted,

*_/s/ James M. Walker_*
James M. Walker
Florida Bar No. 755990
WALKER & O'NEILL, P.A.
Attorneys for Plaintiff
Plaza 57, Suite 430
7301 S.W. 57th Court
South Miami, Florida 33143

Tel. No. (305) 995-5300
Facsimile: (305) 995-5310
jim@cruiselaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic notices of Electronic Filing.

*/s/ James M. Walker*
James M. Walker (755990)

**SERVICE LIST**

| | |
|---|---|
| | James M. Walker, Esq.<br>*Counsel for the Plaintiff*<br>Walker & O'Neill, P.A.<br>7301 S.W. 57th Court, Suite 430<br>South Miami, Florida 33143<br>Telephone: (305) 995-5300<br>Facsimile: (305) 995-5310<br>**Email:** jim@cruiselaw.com |